NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| PETER KOLODZIJ, <br><br> Plaintiff, <br><br> v. <br><br> BOROUGH OF HASBROUCK HEIGHTS, *et al.*, <br><br> Defendants. | Civil Action No.: 2:18-cv-00481 (CCC) <br><br> **OPINION** |

## I.  INTRODUCTION

This matter comes before the Court on the motion to dismiss filed by defendants Borough of Hasbrouck Heights and Dominic Bratti (collectively, "Defendants"). ECF No. 3. Plaintiff Peter Kolodzij ("Plaintiff" or "Mr. Kolodzij") filed an opposition to the motion to dismiss. ECF No. 16. The Court has considered the submissions made in support of and in opposition to the instant motion, and decides the motion without oral argument pursuant to Federal Rule of Civil Procedure 78(b). For the reasons set forth below, Defendants' motion is **GRANTED**.

## II.  BACKGROUND

This case was initially filed in the Superior Court of New Jersey, Bergen County, Law Division on December 28, 2017. Notice of Removal, ECF No. 1. Defendants removed the case to the United States District Court for the District of New Jersey on January 12, 2018. Id. The case arises out of an employment dispute between Plaintiff and the Borough of Hasbrouck Heights. Compl. at 1, ECF No. 1 Ex. A. Plaintiff was a volunteer fireman and employee of the Borough of Hasbrouck Heights for twenty-seven (27) years. Id. at 2. On April 5, 2017,

1

Defendants informed Plaintiff that they were contemplating holding a hearing regarding his status as a volunteer fireman and employee of the Borough of Hasbrouck Heights. Id. Plaintiff, through his counsel at the time (Verp & Leddy), requested information on the charges against him, proposed witnesses who would appear at the hearing, notes of interview or meetings that had been held in advance of the hearing, and other relevant information. Id. at 2. Plaintiff contends he received no response to Verp & Leddy's requests for information needed to prepare for the hearing from the Borough of Hasbrouck Heights. Id. Plaintiff subsequently retained new counsel (Muller & Muller), who requested information needed to prepare for the hearing that had been scheduled for April 26, 2017. Id. Muller & Muller contacted Dominick Bratti, a named defendant and attorney who was handling Plaintiff's hearing for the Borough of Hasbrouck Heights. Id. Mr. Bratti allegedly refused to provide any substantive information to Muller & Muller, leaving Plaintiff unable to prepare for the hearing. Id. The Borough of Hasbrouck Heights held a closed hearing on April 26, 2017 and Plaintiff subsequently received a letter from the Borough Administrator and Chief Financial Officer informing him that the Mayor and Council voted to terminate Plaintiff as a volunteer fireman and employee of the Borough of Hasbrouck Heights. Id. at 3.

Plaintiff brings three claims arising from the events described above. In Count I, Plaintiff alleges that he was "harmed by being denied his due process, denied future employment and the ability to continue his volunteer service to the people of the Borough and has been defamed by persons who refuse to disclose their identity and role in this matter. Id. In Count II, Plaintiff alleges that he was "harmed by the Defendants' conspiracy to deny him his rights under both the United States and New Jersey Constitutions, future employment and the ability to continue his volunteer service to the people of the Borough and has been defamed by persons who refuse to

disclose their role in this matter." Id. at 4. In Count III, Plaintiff alleges that he "remains without one scintillia of knowledge of his accusers and alleged facts of the clandestine allegations against him, if any, and the machinations prior to April 26, 2017, by the Defendants." Id. Plaintiff further alleges that "Defendants have deprived the Plaintiff of monetary benefits, his good name and his right to volunteer for the good of the community by their actions, which were done in secret. Id.

### III. LEGAL STANDARD

**Rule 12(b)(6)**

For a complaint to survive dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In evaluating the sufficiency of a complaint, the Court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party. *See Phillips v. Cty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "A pleading that offers labels and conclusions will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (internal citations and quotation marks omitted). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Thus, when reviewing complaints for failure to state a claim, district courts should engage in a two-part analysis: "First, the factual and legal elements of a claim should be separated . . . . Second, a District Court

3

must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a plausible claim for relief." *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009) (internal citations and quotation marks omitted).

## IV. DISCUSSION

Defendants assert three primary arguments for dismissing the complaint. First, Defendants argue that Plaintiff's suit is barred by *res judicata* as Plaintiff previously brought a lawsuit in state court against Defendants, based on the same occurrence and allegations, and that lawsuit ended with a judgment on the merits. Defs.' Br. at 5, ECF No. 3-1. Relatedly, Defendants argue that "[f]or the same reasons that the Complaint is barred by *res judicata*, the entire controversy doctrine also requires dismissal of the Complaint with prejudice." Id. at 8. Finally, Defendants argue that Plaintiff has no due process rights to his position as a volunteer fireman because there are no due process rights in a volunteer position. Id. at 9. Plaintiff opposes the motion to dismiss by arguing that the prior litigation in New Jersey state court was based on a New Jersey Open Public Records Act request rather than wrongful termination, defamation, and loss of income claims that are at issue here, that the prior litigation was never assessed on the merits and concluded with a voluntary dismissal, and that Plaintiff's due process rights are implicated because he was terminated from his employment with the Borough of Hasbrouck Heights. Pl. Br. at 6-7, ECF No. 16.

The doctrine of *res judicata* bars relitigating claims when three conditions are met: (1) there was a final judgment on the merits; (2) the prior suit involved the same parties or their privies; and (3) the subsequent suit is based on the same transaction or occurrence. *Watkins v. Resorts Int'l Hotel and Casino, Inc.*, 124 N.J. 398, 412 (1991) (state law); *United States v. Athlone Indus., Inc.*, 746 F.2d 977, 983 (3d Cir. 1984) (federal law). New Jersey's entire

4

controversy doctrine is closely related to *res judicata*, and bars all claims which could and should have been joined in a prior case based on the same action or occurrence. *See Kaul v. Christie*, No. 16-2364, 2019 WL 943656, at *21 (D.N.J. Feb. 25, 2019) (internal citations and quotation marks omitted) ("Claim preclusion in the traditional sense tends to be subsumed by New Jersey's entire controversy rule. In New Jersey, the entire controversy doctrine is an extremely robust claim preclusion device that requires adversaries to join all possible claims stemming from an event or series of events in one suit."). Here, it is undisputed that there was a prior litigation involving the same parties, the only open questions are if this lawsuit was based on the same transaction and occurrence as the prior litigation and if the prior litigation ended with a final adjudication on the merits. *See* Pl. Br. at 5, ECF No. 16 ("Plaintiff filed a Complaint under Docket Number BER-L-5704-17, which was based on the New Jersey Open Public Records Act. . . . That matter was never assessed on the merits and was voluntarily dismissed on November 17, 2017.").

Plaintiff's arguments against the application of *res judicata* and the entire controversy doctrine fall short here. *Res judicata* does not require the claims asserted in the prior litigation to be identical to the claims asserted in the subsequent litigation; instead "[f]or the purposes of res judicata, causes of action are deemed part of a single 'claim' if they arise out of the same transaction or occurrence." *Watkins v. Resorts Int'l Hotel & Casino*, 124 N.J. 398, 413 (1991) (citing *Restatement (Second) of Judgments* § 24). The initial litigation involving Mr. Kolodzij and the Defendants arose from Mr. Kolodzij's termination as a volunteer fireman and employee of the Borough of Hasbrouck Heights, exactly the same events underlying the present dispute. For example, in the prior Complaint Plaintiff asserted that "[p]rior to the April 25th Meeting, the Plaintiff had two (2) attorneys each of whom requested information concerning Plaintiff's part of

5

the meeting, so that he could prepare . . . . On April 26, 2017, Michael Kronyak . . . sent the Plaintiff the attached letter stating that [he] had been (1) terminated from his position as Fire Department Mechanic and (2) remov[ing] Plaintiff from the Hasbrouck Heights Fire Department."). Prior Compl. at 1-2, ECF No. 3-3 Ex. B. In the present Complaint, Plaintiff similarly alleged that "Plaintiff through his attorneys, Verp & Leddy, requested information concerning any charges, complaints meetings, notes of any interviews and proposed witnesses for the alleged hearing . . . . On April 26, 2017, a closed hearing was held by the Defendants and a letter was sent to Plaintiff by Michael Kronyak . . . terminat[ing] Plaintiff from his employment with the Fire Department and his ability to be a volunteer." Present Compl. at 2-3, ECF No. 1 Ex. A. It is therefore irrelevant that the first litigation in the Superior Court of New Jersey, Bergen County included claims "based on the New Jersey Open Public Records Act." Pl. Br. at 5, ECF No. 16. The claims asserted in the present litigation arise out of the same exact events that gave rise to the prior litigation, and therefore the Court finds there was a subsequent suit based on the same transaction and occurrence as required to apply the doctrine of *res judicata*. *See Taylor v. Ambrifi*, No. 15-0328, 2019 WL 1650082, at *5 (D.N.J. Apr. 17, 2019) ("[T]he identity of the cause of action refers not only to claims actually litigated, but to those that could have been litigated in the earlier suit if they arise from the same underlying transaction or events.").

Plaintiff is also incorrect in stating that the first litigation "was never assessed on the merits." Pl. Br. at 5, ECF No. 16. Plaintiff voluntarily dismissed the first lawsuit with prejudice. *See* Notice of Voluntary Dismissal, ECF No. 16-3 Ex. B. A voluntary dismissal with prejudice is a final judgment on the merits with preclusive effect. *See Jackson v. Dow Chemical Co.*, 518 Fed. App'x 99, 102 (3rd Cir. 2013) ("[Plaintiff]'s voluntary dismissal with prejudice of his

remaining ADA claims also operated as a final judgment on the merits for purposes of claim preclusion."); *see also Interdynamics, Inc. v. Firma Wolf*, 653 F.2d 93, 96-97 (3d Cir.) (A consent decree between two parties "possesses the same force with regard to res judicata and collateral estoppel as a judgment entered after a trial on the merits."); *Chase Manhattan Bank, N.A. v. Celotex Corp.*, 56 F.3d 343 (2nd Cir. 1995) ("A voluntary dismissal with prejudice is an adjudication on the merits for purposes of *res judicata*."). Accordingly, the Court finds that the doctrine of *res judicata* bars the present lawsuit because (1) there was a final judgment on the merits; (2) the prior suit involved the same parties or their privies; and (3) the subsequent suit is based on the same transaction or occurrence. *Watkins*, 124 N.J. at 412; *Athlone Indus., Inc.*, 746 F.2d at 983. In a similar vein, the Court finds that Plaintiff's claims are also barred under New Jersey's entire controversy doctrine because "(1) the judgment in the prior action is valid, final, and on the merits; (2) the parties in the later action are identical to or in privity with those in the prior action; and (3) the claim in the later action grows out of the same transaction or occurrence as the claim in the earlier one." *Kaul*, 2019 WL 943656, at *22 (quoting *McNeil v. Legislative Apportionment Comm'n*, 177 N.J. 364, 395 (2003)).[1]

## V.    **CONCLUSION**

For the reasons stated above, Plaintiff's claims are barred and the Complaint is dismissed without prejudice. To the extent Plaintiff's pleading deficiencies may be cured, Plaintiff may file an amended complaint within fourteen (14) days. An appropriate order accompanies this opinion.

---

[1] As Plaintiff's claims are barred under the doctrine of *res judicata* and the entire controversy doctrine, the Court does not address the parties' arguments regarding Plaintiff's due process rights with respect to his volunteer position and employment.

7

CLAIRE C. CECCHI, U.S.D.J.

Dated: June 28, 2019