NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| PETER KOLODZIJ,<br><br>         Plaintiff,<br><br>  v.<br><br>BOROUGH OF HASBROUCK HEIGHTS, *et al.*,<br><br>         Defendants. | Civil Action No.: 2:18-cv-00481<br><br>OPINION |

**CECCHI, District Judge.**

**I.    INTRODUCTION**

This matter comes before the Court on Defendants Borough of Hasbrouck Heights (the "Borough" or the "Fire Department") and Dominic Bratti's (collectively, "Defendants") Motion to Dismiss Plaintiff Peter Kolodzij's ("Plaintiff") First Amended Complaint (ECF No. 58, "FAC") pursuant to Fed. R. Civ. P. 12(b)(6). ECF No. 60; ECF No. 60-1 ("Defs. Br."). Plaintiff filed an opposition to the Motion (ECF No. 64, "Pl. Br."), to which Defendants replied (ECF No. 65, "Defs. Repl."). The Court has considered the submissions made in support of and in opposition to the Motion and decides the Motion without oral argument pursuant to Fed. R. Civ. P. 78(b). For the reasons set forth below, Defendants' Motion is **GRANTED**.

**II.    BACKGROUND**[1]

    **a.  Factual Background**

Plaintiff was employed as a mechanic and served as a volunteer fireman for the Borough (ECF No. 55 at 1) when, in February 2017, he learned that he was the subject of an internal "investigation" regarding an anonymous sexual harassment complaint alleged against him. FAC

---

[1] This Opinion includes references to this Court's previous Opinion, ECF No. 55.

at ¶¶ 10, 17.  On April 5, 2017, Defendants informed Plaintiff that they planned to hold a hearing (the "Hearing") with respect to the internal investigation and whether to terminate Plaintiff from his employment as a mechanic and to remove him from his position as a volunteer fireman for the Borough.  ECF No. 55 at 2.  Subsequently, Plaintiff, through his counsel at the time (Verp & Leddy), requested information on the charges asserted against him, a list of proposed witnesses who would appear at the Hearing, and notes of interviews or meetings that had been held in advance of, and concerning, the Hearing.  *Id.*  Plaintiff contends that he received no response from Defendants to his counsel's requests for this information.  *Id.*  Thereafter, Plaintiff retained new counsel (Muller & Muller), who again requested relevant information needed to prepare for the Hearing from the Borough and its attorney, Defendant Bratti.  FAC at ¶¶ 2, 3.  However, Defendants allegedly once again refused to provide any relevant information to Plaintiff's counsel regarding the Hearing.  *Id.*

Shortly afterward, on April 25, 2017, the Borough held the Hearing in a closed setting.  *Id.* at ¶ 1.  The next day, Michael Kronyak, the Borough's Chief Financial Officer and Administrator, sent Plaintiff a letter informing him that they had terminated him from his employment as a mechanic and removed him from his position as a volunteer fireman for the Borough, effective immediately.  *Id.* at ¶ 4.

Months later, on August 22, 2017, Plaintiff filed a lawsuit in the Superior Court of New Jersey, Bergen County Law Division, Docket No. BER-L-704-17, captioned *Peter Kolodzij v. Borough of Hasbrouck Heights, Rose Marie Sees, Dominic Bratti* (the "State Court Litigation").  ECF No. 3-2, Ex. B.  In the State Court Litigation, Plaintiff asserted that Defendants violated his rights by terminating him from his employment as a mechanic and removing him from his position as a volunteer fireman for the Borough without proper notice or cause.  *Id.*  However, on November

15, 2017, Plaintiff voluntarily dismissed the State Court Litigation *with* prejudice against all defendants, including the Borough and Defendant Bratti. ECF No. 3-2, Ex. C.

### b. Procedural Background

On December 28, 2017, Plaintiff filed this case in the Superior Court of New Jersey. ECF No. 1. Defendants subsequently removed the case to this Court on January 12, 2018. *Id.* On June 28, 2019, this Court granted Defendants' Motion to Dismiss, without prejudice, pursuant to Rule 12(b)(6). ECF No. 56. On July 11, 2019, Plaintiff filed his FAC. ECF No. 58. On August 8, 2019, Defendants filed the instant Motion to Dismiss Plaintiff's FAC pursuant to Rule 12(b)(6). ECF No. 60. On September 27, 2019, Plaintiff filed an opposition to the Motion (ECF No. 64), to which Defendants replied on September 28, 2019 (ECF No. 65).[2]

## III.  LEGAL STANDARD

### a. Federal Rule of Civil Procedure 12(b)(6)

To survive dismissal under Rule 12(b)(6), a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In evaluating the sufficiency of a complaint, a court must accept all well-pleaded factual allegations as true and draw all reasonable inferences in favor of the non-moving party. *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (citations omitted). However, factual allegations must support a right to relief that is more than speculative. *Twombly*, 550 U.S. at 555. Indeed, a complaint "that offers 'labels and conclusions' or . . . tenders 'naked assertions' devoid of further factual enhancement," will not suffice. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 545,

---

[2] Additionally, on January 31, 2020, Defendants filed an appeal of Magistrate Judge Waldor's decision denying their previous Motion for a Protective Order pursuant to Fed. R. Civ. P. 26(b). ECF No. 85. Defendants' appeal is now moot given this Court's dismissal of Plaintiff's claims.

557). Alternatively, a claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Ultimately, the party seeking dismissal under Rule 12(b)(6) bears the burden of demonstrating that no claim upon which relief may be granted has been stated. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005).

IV. **DISCUSSION**

 a. **The Entire Controversy and *Res Judicata* Doctrines**

Plaintiff alleges that Defendants wrongfully: (1) terminated him from his employment as a mechanic and removed him from his position as a volunteer fireman for the Borough, and (2) denied him the ability to challenge the termination and removal. FAC at ¶¶ 1–20, 23–27. In response, Defendants argue that Plaintiff is barred from bringing his claims under the entire controversy and *res judicata* doctrines as Plaintiff previously brought the State Court Litigation against the same Defendants, based on the same transaction or occurrence, and that lawsuit ended with a final judgment on the merits. Defs. Br. at 5–6. The Court agrees with Defendants and finds that dismissal of Plaintiff's claims is warranted.[3]

The entire controversy doctrine, codified under N.J. Ct. R. 430A, and *res judicata* "both share [the same] trio of requirements" for preclusive effect to be given to a claim: (1) "the judgment in the prior action must be valid, final, and on the merits"; (2) "the parties in the action must be

---

[3] Notwithstanding the fact that Plaintiff's claims are precluded, the Court also notes that Plaintiff's claims appear to suffer from pleading issues under Rule 8(a). For example, Plaintiff's claim under the "Rules of Professional Conduct" is improperly pled because "the Rules of Professional Conduct do[] not give rise to a cause of action," *see Wiebel v. Morris, Downing & Sherred*, No. 07-3150, 2009 WL 81344, at *4 (D.N.J. Jan. 12, 2009) (citing *Baxt v. Liloia*, 155 N.J. 190, 198 (1998)), and Plaintiff's claim under the Sixth Amendment fails because "the Sixth Amendment does not govern civil cases." *Turner v. Rogers*, 564 U.S. 431, 441 (2011). In any event, the Court declines to address all of Plaintiff's pleading deficiencies as his claims are barred under the entire controversy and *res judicata* doctrines.

identical or in privity with those in the prior action"; and (3) "the action must grow out of the same transaction or occurrence as the claim in the earlier one." *Rodrigues v. Unifund CCR, LLC*, 690 F. App'x 799, 801 (3d Cir. 2017). Thus, the Court analyzes these preclusion doctrines together. *Id.* (applying the entire controversy and *res judicata* doctrines together) (citations omitted). Moreover, the entire controversy doctrine bars claims that "accrued, ripened, and become known to [Plaintiff] during the pendency of the state court . . . action." *Puche v. Wells Fargo NA*, 256 F. Supp. 3d 540, 548 (D.N.J. 2017). Similarly, "[t]he doctrine of *Res Judicata* bars not only claims that were brought in a previous action, but also claims that could have been brought." *Duhaney v. Attorney Gen. of U.S.*, 621 F.3d 340, 347 (3d Cir. 2010).

The first factor is satisfied here as it is undisputed that Plaintiff voluntarily dismissed the State Court Litigation with prejudice. ECF No. 16-3 Ex. B. Such a dismissal constitutes "a final judgment on the merits with preclusive effect." *Maiden v. N. Brunswick Twp. Sch. Dist.*, No. 19-18768, 2020 WL 3546809, at *4 (D.N.J. June 30, 2020) ("[A] voluntary dismissal with prejudice is a final judgment on the merits for the purposes of claim preclusion."). It is also undisputed that the second factor has been met as the parties here were also present in the State Court Litigation. *Compare* FAC *with* ECF No. 3-2, Ex. B (State Court Litigation complaint); *see also Schneider v. United States*, No. 06-3200, 2007 WL 4440976, at *6 (D.N.J. Dec. 17, 2007) ("It is immaterial to considerations of *res judicata* that Plaintiff has named additional defendants in this case.").

The third factor, whether Plaintiff's claims are based on the same transaction and occurrence as the claims asserted in the State Court Litigation, has also been met here. Specifically, in both the FAC and the State Court Litigation, Plaintiff alleges that in early April 2017, Defendants informed him that they planned to hold the Hearing with respect to the internal investigation and as to whether to terminate him from his employment as a mechanic and remove

5

him from his position as a volunteer fireman for the Borough. *Compare generally* FAC *with* ECF No. 3-3, Ex. B. In both suits, Plaintiff also contends that his counsel requested information from Defendants concerning the charges against him and other relevant information regarding the Hearing and that Defendants did not subsequently respond to these requests. *Id.* In both actions, Plaintiff further contends that he was denied the opportunity to prepare a defense for the Hearing, which took place on April 25, 2017. *Id.* Finally, in both cases, Plaintiff asserts that on April 26, 2017, Defendants sent a letter to Plaintiff stating that Defendants had terminated him from his employment as a mechanic and removed him from his position as a volunteer fireman for the Borough. *Id.* In short, the State Court Litigation arose from the Borough's termination of Plaintiff from his employment as a mechanic and removal of Plaintiff from his position as a volunteer Fireman for the Borough, exactly the same events underlying the present dispute.

Therefore, given that "[t]he claims asserted . . . arise out of the same exact events that gave rise" to the State Court Litigation, this action constitutes "a subsequent suit based on the same transaction and occurrence" and is barred by the entire controversy and *res judicata* doctrines.[4] ECF No. 55 at 6; *see also El-Hewie v. Paterson Pub. Sch. Dist.*, No. 13-5820, 2014 WL 1234476, at *8 (D.N.J. Mar. 24, 2014) (finding claim preclusion where plaintiff "is trying to relitigate the same transaction or occurrence . . . regarding [his alleged] wrongful termination . . . that he already litigated in state court, against the same defendants, to a final judgment on the merits"). Moreover, insofar as Plaintiff's claims deviate from his claims asserted in the State Court Litigation, the entire controversy doctrine bars his claims because they were "known to [Plaintiff] during the pendency of the" State Court Litigation. *Puche*, 256 F. Supp. 3d at 548. The doctrine of *res judicata* also

---

[4] Plaintiff acknowledges that his prior Complaint—which was also dismissed on preclusion grounds—contains virtually identical allegations to the FAC. Pl. Br. at 6.

bars such claims because they "could have been brought" at the time of the State Court Litigation. *Duhaney*, 621 F.3d at 347. Indeed, Plaintiff fails to meaningfully contest that the allegations underlying his present claims were unknown to him when he brought the State Court Litigation.[5]

Accordingly, dismissal of the FAC is warranted under Rule 12(b)(6).

## V. FUTILITY OF AMENDMENT

"Dismissal of . . . a complaint with prejudice is appropriate if amendment would be . . . futile." *Bankwell Bank v. Bray Entertainment, Inc., et al.*, No. 20-49, 2021 WL 211583, at *2 (D.N.J. Jan. 21, 2021). "An amendment is futile if it is frivolous or advances a claim or defense that is legally insufficient on its face." *Lombreglia v. Sunbeam Prod., Inc.*, No. 20-0332, 2021 WL 118932, at *5 (D.N.J. Jan. 13, 2021). Here, Plaintiff's FAC warrants dismissal with prejudice because his claims are precluded under the entire controversy and *res judicata* doctrines. *See Ibrahim v. New Jersey Office of the Attorney Gen.*, No. 1915405, 2020 WL 4282453, at *5 (D.N.J. July 27, 2020), *reconsideration denied sub nom.*, 2020 WL 7868145 (D.N.J. Dec. 31, 2020) (dismissing action with prejudice on preclusion grounds as "further amendment would be futile").

---

[5] In Count Three of the FAC, Plaintiff contends that this Court should bar Defendants from "asserting any defenses due to their . . . failure to comply with [Plaintiff's] legitimate discovery requests." FAC at ¶ 22; Pl. Br. at 6 (asserting that the entire controversy doctrine should not apply here due to Defendants' "unclean hands . . . in avoiding their . . . obligations under the Federal Rules of Civil Procedure"). Although Count Three is stylized as a "claim," it does not contain a cause of action because "[d]iscovery sanctions are a remedy in a civil litigation." *DVComm, LLC v. Hotwire Commc'ns, LLC*, No. 14-5543, 2016 WL 6246824, at *6 (E.D. Pa. Feb. 3, 2016). Nevertheless, the Court finds Plaintiff's request for sanctions without merit. Under Rule 37(b)(2)(A), a court may impose sanctions on a party where they "fail[] to obey an order to provide or permit discovery." Fed. R. Civ. P. 37(b)(2)(A). Here, even assuming *arguendo*, that Defendants did fail to comply with their discovery "obligations under the Federal Rules of Civil Procedure," it would not be "just" under these circumstances to blanketly prevent them from asserting defenses. *Unimaven, Inc. v. Texas TR, LLC*, No. 17-12008, 2020 WL 5406162, at *4 (D.N.J. Sept. 8, 2020) (citing *Harris v. City of Phila.*, 47 F.3d 1311, 1330 (3d Cir. 1995)).

## VI. CONCLUSION

For the reasons set forth above, Defendants' Motion to Dismiss Plaintiff's FAC (ECF No. 60) is **GRANTED** and Plaintiff's FAC (ECF No. 58) is **DISMISSED WITH PREJUDICE**. An appropriate Order accompanies this Opinion.

**DATE:** February, 26, 2021.

　　　　　　　　　　　　　　　　　　　　　　　　　　　**CLAIRE C. CECCHI, U.S.D.J.**